IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1519-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| HECTOR DANERI REGALADO, | ) | |
| | ) | |
| Defendant. | ) | |

On September 24, 2025, the United States of America ("United States" or "plaintiff") filed a complaint under 8 U.S.C. § 1451(a) to revoke the naturalization of Hector Daneri Regalado ("Regalado" or "defendant") [D.E. 1]. On November 3, 2025, Regalado moved to dismiss the complaint [D.E. 6] and filed a memorandum in support [D.E. 7]. See Fed. R. Civ. P. 12(b)(6). On December 31, 2025, the government responded in opposition [D.E. 10]. As explained below, the court denies Regalado's motion to dismiss the complaint.

I.

Regalado entered the United States without inspection in 1994. See Compl. [D.E. 1] ¶ 7. On May 12, 2003, Regalado became a lawful permanent resident of the United States. See id. at ¶ 8. On or about April 1, 2010, Regalado applied for naturalized United States citizenship. See id. at ¶ 9; [D.E. 1-2] 10. On Regalado's application for naturalization, Regalado checked "No" in response to questions that asked if he "ever committed a crime or offense for which" he had not been arrested, and if he had "ever given false or misleading information to any U.S. [g]overnment official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" Compl. ¶¶ 10–11 (emphases omitted); [D.E. 1-2] 9. Regalado signed the application

under penalty of perjury and submitted it to the United States Citizenship and Immigration Service ("USCIS"). See Compl. ¶¶ 12–13.

On August 9, 2010, a USCIS officer interviewed Regalado about his application for naturalization. See id. at ¶ 14. The interviewing officer placed Regalado under oath. Id. at ¶ 15. Regalado testified that "he had never committed a crime or offense for which he was not arrested" and that "he had never given false or misleading information to any U.S. government official while applying for any immigration benefit." Id. at ¶¶ 17–18 (emphases omitted). Regalado affirmed that his application was "true and correct to the best of his knowledge and belief." Id. at ¶ 20. On the same day, USCIS approved Regalado's naturalization application. See id. at ¶ 21. On August 13, 2010, Regalado was admitted to United States citizenship. See id. at ¶ 22.

On July 2, 2012, in North Carolina state court, a grand jury issued two indictments against Regalado. See id. at ¶ 23. The first indictment charged Regalado with one count of statutory sexual offense of person who is 13, 14, and 15 years old in violation of N.C. Gen. Stat. § 14-27.7a and two counts of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. See id. at ¶¶ 23–24; [D.E. 1-4] 2. The second indictment charged Regalado with one count of statutory sexual offense by an adult in violation of N.C. Gen. Stat. § 14-27.4a and two counts of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. See Compl. ¶¶ 23, 25; [D.E. 1-4] 3. On or about September 19, 2012, Regalado pleaded "guilty pursuant to Alford decision" to two counts of indecent liberties with a child. [D.E. 1-4] 4; see id. at 5–19; Compl. ¶¶ 26–27. Regalado's transcript of plea identifies the offense dates as March 24, 2006 to March 23, 2007, and March 24, 2007 to March 23, 2008. See [D.E. 1-4] 5, 13. Regalado received a suspended sentence of not less than 16 months' and not more than 20 months' imprisonment on both counts. See id. at 17, 20–23.

2

On September 24, 2025, the United States filed a complaint under 8 U.S.C. § 1451(a) to revoke Regalado's naturalization. See [D.E. 1]. On November 3, 2025, Regalado moved to dismiss. See [D.E. 6]; Fed. R. Civ. P. 12(b)(6). On December 31, 2025, the United States responded in opposition. See [D.E. 10].

In the complaint, the United States alleges that Regalado illegally procured naturalization by committing an unlawful act that adversely reflected on his good moral character (count one), giving false testimony during the naturalization interview (count two), and concealing a material fact or making a willful misrepresentation in connection with the naturalization application and interview (count three). See Compl. ¶¶ 49–72. Regalado moves to dismiss all counts. See [D.E. 6, 7].

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 677–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs.

Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (citation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The United States plausibly alleges that Regalado unlawfully procured naturalization. Section 1451(a) provides for revocation of naturalization and cancellation of the order granting citizenship when "a citizen's naturalization was illegally procured or was procured by concealment of a material fact or by willful misrepresentation." United States v. Teng Jiao Zhou, 815 F.3d 639, 642 (9th Cir. 2016) (cleaned up); see 8 U.S.C. § 1451(a). Citizenship is illegally procured under section 1451(a) when the individual did not meet the statutory requirements to become a naturalized citizen. See Fedorenko v. United States, 449 U.S. 490, 506 (1981); United States v. Ginsberg, 243 U.S. 472, 474 (1917) ("An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress.").

The statutory requirements for naturalization include, among other things, that the individual be of good moral character for the five years immediately preceding the date of filing the application for naturalization until the date the individual takes the oath of citizenship and becomes a United States citizen. See 8 U.S.C. § 1427(a); Grey v. Alfonso-Royals, 140 F.4th 173, 181–82 (4th Cir. 2025); Teng Jiao Zhou, 815 F.3d at 643. Section 1101(f) lists behaviors that

4

preclude an individual from having good moral character, including giving false testimony to obtain immigration benefits. See 8 U.S.C. § 1101(f)(6). Section 1101(f) also includes a catch-all provision, which states that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." Id. § 1101(f). An individual "who commits any crime of moral turpitude during the statutory period, for which he is later convicted, is barred from naturalization." United States v. Agyemang, No. 7:17-CV-55, 2018 WL 3245048, at *2 (E.D.N.C. July 3, 2018) (unpublished) (quotations and citations omitted); see United States v. Suarez, 664 F.3d 655, 659–61 (7th Cir. 2011).

In count one, the United States plausibly alleges that Regalado did not meet the statutory requirement of having good moral character because Regalado sexually abused a minor during the statutory naturalization period. Regalado pleaded guilty to taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1 approximately three to four years before his naturalization interview and before he was granted citizenship. See [D.E. 1-4] 4–19; Compl. ¶¶ 23–27; cf. United States v. King, 673 F.3d 274, 281–82 (4th Cir. 2012) (concluding that a court's acceptance of an Alford plea was an adjudication of guilt); Abimbola v. Ashcroft, 378 F.3d 173, 181 (2d Cir. 2004) ("An Alford plea is a guilty plea."). Taking indecent liberties with a child is a crime of moral turpitude and prevents an individual from establishing good moral character. See, e.g., United States v. Gariba, No. 1:18-CV-127, 2018 WL 11514550, at *3 (M.D.N.C. Nov. 15, 2018) (unpublished); see also Ashcroft v. Free Speech Coal., 535 U.S. 234, 244–45 (2002) ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people."). Thus, the court denies Regalado's motion to dismiss count one.

5

In count two, the United States plausibly alleges that Regalado gave false testimony to obtain an immigration benefit because Regalado denied committing a crime for which he had not been arrested on his naturalization application and denied the same during his interview. See Compl. ¶¶ 10–18, 61–62. "False testimony or statements made under oath during the interview portion of the naturalization process constitute false testimony within the meaning of section 1101(f)(6)." Agyemang, 2018 WL 3245048, at *3 (cleaned up); see Kungys v. United States, 485 U.S. 759, 780–81 (1988); United States v. Mejia, No. 3:16-CV-509, 2017 WL 87070, at *3 (S.D. Cal. Jan. 10, 2017) (unpublished). Regalado testified that he never committed a crime for which he was not arrested. See Compl. ¶¶ 17–18, 20. That statement was false. See [D.E. 1-4] 4–19; Compl. ¶¶ 23–27. Thus, the court denies Regalado's motion to dismiss count two.

In count three, the United States plausibly alleges that Regalado procured his naturalization by concealing a material fact and by willful misrepresentation through omission that he committed a crime for which he was not arrested (i.e., taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1). See Compl. ¶¶ 10–18, 68. For revocation of naturalization, section 1451(a) "contains four independent requirements: the naturalized citizen must have misrepresented or concealed some fact, the misrepresentation or concealment must have been willful, the fact must have been material, and the naturalized citizen must have procured citizenship as a result of the misrepresentation or concealment." Kungys, 485 U.S. at 767; see Agyemang, 2018 WL 3245048, at *4 (collecting cases). A willful misrepresentation is deliberate and voluntary. See Agyemang, 2018 WL 3245048, at *4 (collecting cases); cf. Kungys, 485 U.S. at 767 & n.5. A material misrepresentation or concealment has "a natural tendency to produce the conclusion that the applicant [is] qualified" to naturalize. Kungys, 485 U.S. at 772; see Agyemang, 2018 WL 3245048, at *4. As for willfulness, the United States plausibly alleges that Regalado

6

voluntarily answered the relevant questions and understood them fully. See Agyemang, 2018 WL 3245048, at *4; United States v. Gayle, 996 F. Supp. 2d 42, 55 (D. Conn. 2014). As for materiality, the United States plausibly alleges that Regalado's misrepresentation and concealment of the fact that he took indecent liberties with a child were material. See, e.g., Agyemang, 2018 WL 3245048, at *4; Gayle, 996 F. Supp. 2d at 55. Moreover, the United States plausibly alleges that Regalado procured citizenship as a result of the misrepresentation and concealment because his application would have been denied if he told the truth. See Agyemang, 2018 WL 3245048, at *4; United States v. Mohammad, 249 F. Supp. 3d 450, 461 (D.D.C. 2017); Gayle, 996 F. Supp. 2d at 56. Accordingly, the United States plausibly alleges that Regalado misrepresented and concealed material facts that would have shown his ineligibility for naturalization. See Agyemang, 2018 WL 3245048, at *4.

In opposition, Regalado mounts an as-applied vagueness attack on sections 1427(a)(3) and 1101(f) and contradicts his guilty plea. See [D.E. 7] 1–7. The court rejects Regalado's arguments. Regalado's void-for-vagueness challenge fails because he cannot demonstrate that the statutes and questions at issue were vague as to his own conduct (i.e., taking indecent liberties with a child). See, e.g., Holder v. Humanitarian L. Project, 561 U.S. 1, 18–19 (2010) ("[A] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (citation omitted)); United States v. Hasson, 26 F.4th 610, 616–17 (4th Cir. 2022). Likewise, Regalado is estopped from denying the facts underlying his North Carolina convictions. See, e.g., Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v. Cornejo, 679 F. App'x 361, 363 (5th Cir. 2017) (per curiam) (unpublished); United States v. Salem, 496 F. Supp. 3d 1167, 1181 (N.D. Ill. 2020) (collecting cases). Accordingly, Regalado's challenges to the complaint fail. Thus, the court denies Regalado's motion to dismiss the complaint.

7

## III.

In sum, the court DENIES defendant's motion to dismiss [D.E. 6].

SO ORDERED. This 17 day of January, 2026.

JAMES C. DEVER III
United States District Judge

8