IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1519-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| HECTOR DANERI REGALADO, | ) |
| | ) |
| Defendant. | ) |

On September 24, 2025, the United States of America ("United States" or "plaintiff") filed a complaint under 8 U.S.C. § 1451(a) to revoke Hector Daneri Regalado's ("Regalado" or "defendant") naturalized United States citizenship [D.E. 1]. On March 12, 2026, the United States moved for judgment on the pleadings on counts one and three [D.E. 16] and filed a memorandum in support [D.E. 17]. See Fed. R. Civ. P. 12(c). On March 20, 2026, Regalado responded in opposition [D.E. 18]. On March 31, 2026, the United States replied [D.E. 20]. As explained below, the court grants the United States' motion for judgment on the pleadings on counts one and three of the complaint.

I.

Regalado entered the United States without inspection in 1994. See Compl. [D.E. 1] ¶ 7; Answer [D.E. 14] 3. On May 12, 2003, Regalado became a lawful permanent resident of the United States. See Compl. ¶ 8; Answer at 3. On April 1, 2010, Regalado applied for naturalized United States citizenship. See Compl. ¶ 9; Answer at 3; [D.E. 1-2] 10. On Regalado's application for naturalization, Regalado checked "No" in response to whether he had (1) "ever committed a crime or offense for which" he had not been arrested or (2) "ever given false or misleading

information to any U.S. [g]overnment official while applying for any immigration benefit or to prevent deportation, exclusion, or removal." Compl. ¶¶ 10–11 (emphases omitted); Answer at 3; [D.E. 1-2] 9. Regalado signed the application under penalty of perjury and submitted it to United States Citizenship and Immigration Services ("USCIS"). See Compl. ¶¶ 12–13; Answer at 3.

On August 9, 2010, a USCIS officer interviewed Regalado about his application for naturalization. See Compl. ¶ 14; Answer at 3. The interviewing officer placed Regalado under oath. See Compl. ¶ 15; Answer at 4. Regalado testified that "he had never committed a crime or offense for which he was not arrested" and that "he had never given false or misleading information to any U.S. government official while applying for any immigration benefit." Compl. ¶¶ 17–18 (emphases omitted); Answer at 4. Regalado affirmed that his application was "true and correct to the best of his knowledge and belief." Compl. ¶ 20; Answer at 4. On the same day, USCIS approved Regalado's naturalization application. See Compl. ¶ 21; Answer at 4. On August 13, 2010, Regalado was admitted to United States citizenship. See Compl. ¶ 22; Answer at 4.

On July 2, 2012, in North Carolina state court, a grand jury issued two indictments against Regalado. See Compl. ¶ 23; Answer at 4. The first indictment charged Regalado with one count of statutory sexual offense of person who is 13, 14, and 15 years old in violation of N.C. Gen. Stat. § 14-27.7a and two counts of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. See Compl. ¶¶ 23–24; Answer at 4; [D.E. 1-4] 2. The second indictment charged Regalado with one count of statutory sexual offense by an adult in violation of N.C. Gen. Stat. § 14-27.4a and two counts of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. See Compl. ¶¶ 23, 25; Answer at 4; [D.E. 1-4] 3.

On September 19, 2012, Regalado pleaded "guilty pursuant to Alford decision" to two counts of taking indecent liberties with a child. [D.E. 1-4] 4; see id. at 5–19; Compl. ¶¶ 26–27;

2

Answer at 4. Under North Carolina law, a person is guilty of taking indecent liberties with a child if the person is 16 years of age or older and at least five years older than the child and either (1) "[w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire," or (2) "[w]illfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years." N.C. Gen. Stat. § 202.1(a)(1)–(2).

Under North Carolina law, an Alford plea is "an adjudication of guilt." State v. Outlaw, 326 N.C. 467, 469, 390 S.E.2d 336, 337 (1990); see State v. Jackson, 128 N.C. App. 626, 630, 495 S.E.2d 916, 919 (1998). A defendant enters an Alford plea when he proclaims his innocence but "intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." North Carolina v. Alford, 400 U.S. 25, 37 (1970). By entering an Alford plea, the defendant "accepts that the [s]tate has sufficient evidence to convict him [of the offense], but the defendant does not actually admit his guilt." State v. Rogers, 388 N.C. 453, 457 n.2, 920 S.E.2d 775, 780 n.2 (2025) (citation omitted); see State v. Taylor, 374 N.C. 710, 719 n.3, 843 S.E.2d 46, 52 n.3 (2020); accord United States v. Slaton, 760 F. App'x 689, 692 (11th Cir. 2019) (per curiam) (unpublished) ("Because an Alford plea under Georgia law requires a defendant to admit that sufficient evidence exists to convict him of the offense, it places the defendant in the same position as if there had been a trial and conviction by a jury." (cleaned up)). Before a North Carolina court accepts an Alford plea, it must find that "there is a factual basis for the plea" and it must advise the defendant that, after entering such a plea, he "will be treated as guilty whether or not he admits guilt." N.C. Gen. Stat. § 15A-1022(c)–(d); see also State v. Salvetti, 202 N.C. App. 18, 31, 687 S.E.2d 698, 706–07 (2010).

3

Regalado's transcript of plea identifies the offense dates as March 24, 2006, to March 23, 2007, and March 24, 2007, to March 23, 2008. See [D.E. 1-4] 5, 8, 13. During the plea hearing, Sampson County Superior Court Judge John E. Nobles, Jr. ensured that Regalado knowingly and voluntarily entered the Alford plea. See id. at 9–13. Regalado affirmed his understanding that, by entering an Alford plea, he would "be treated as guilty" of the charged offenses. Id. at 12; see N.C. Gen. Stat. § 15A-1022(d). The district attorney then provided a factual basis for Regalado's plea. See id. at 13–16. Superior Court Judge Nobles then found a factual basis for the Alford plea. See id. at 17; N.C. Gen. Stat. § 15A-1022(c). Regalado received a suspended sentence of not less than 16 months' and not more than 20 months' imprisonment on both counts. See [D.E. 1-4] 17, 20–23.

On March 26, 2014, Regalado pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). See Indictment & Minute Entry, United States v. Regalado, No. 7:13-CR-112 (E.D.N.C. Nov. 5, 2013 & Mar. 26, 2014), [D.E. 1, 20]; cf. Fed. R. Evid. 201. On October 6, 2020, Regalado pleaded guilty to failure to register and update registration as a sex offender in violation of 18 U.S.C. § 2250(a). See Superseding Indictment & Minute Entry, United States v. Regalado, No. 5:19-CR-499 (E.D.N.C. Apr. 15, 2020 & Oct. 6, 2020), [D.E. 22, 48]; cf. Fed. R. Evid. 201. The charge to which Regalado pleaded guilty alleged that, because of his North Carolina convictions for taking indecent liberties with a child, federal law required Regalado to register as a sex offender. See Superseding Indictment at 5–6, United States v. Regalado, No. 5:19-CR-499 (E.D.N.C. Apr. 15, 2020), [D.E. 22]; cf. Fed. R. Evid. 201.

On September 24, 2025, the United States filed a complaint under 8 U.S.C. § 1451(a) to revoke Regalado's naturalization. See Compl. In the complaint, the United States alleges that Regalado illegally procured naturalization by committing an unlawful act that adversely reflected

4

on his good moral character (count one), giving false testimony during the naturalization interview (count two), and concealing a material fact or making a willful misrepresentation in connection with the naturalization application and interview (count three). See id. ¶¶ 49–72. On November 3, 2025, Regalado moved to dismiss the complaint. See [D.E. 6]; Fed. R. Civ. P. 12(b)(6). On January 27, 2026, the court denied Regalado's motion to dismiss. See United States v. Regalado, 817 F. Supp. 3d 326 (E.D.N.C. 2026). On February 25, 2026, Regalado answered the complaint. See [D.E. 14]. The United States seeks judgment on the pleadings on counts one and three. See [D.E. 16].

## II.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should be granted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Park Univ. Enters. v. Am. Cas. Co. of Reading, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted); see, e.g., Conner v. Cleveland Cnty., 22 F.4th 412, 420 (4th Cir. 2022); Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002); cf. Talley v. Folwell, 133 F.4th 289, 297 n.3 (4th Cir. 2025), cert. denied, 146 S. Ct. 609 (2025).

The same standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim. See Burbach Broad. Co., 278 F.3d at 405–06. When a court evaluates a motion for judgment on the pleadings, it must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (citation omitted); see Clatterbuck v. City of Charlottesville, 708

5

F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015); Burbach Broad. Co., 278 F.3d at 406. A court must determine whether a pleading is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–70 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (cleaned up); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [its] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

In evaluating a motion for judgment on the pleadings, the court may consider the pleadings and any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c); Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A court also may consider "matters of which a court may take judicial notice," such as public records. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007). In addition, a court may consider documents attached to a motion for judgment on the pleadings so long as those documents are "integral to the complaint" and authentic. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see Rockville Cars, LLC v. City of Rockville, 891 F.3d 141,

6

145 (4th Cir. 2018). Judgment on the pleadings is appropriate when the well-pleaded factual allegations in the complaint and the uncontroverted allegations in the answer, along with any documents attached to the pleadings, show that the court can decide the case as a matter of law. See Ctr. for Excellence in Higher Educ., Inc. v. Accreditation All. of Career Schs. & Colleges, 166 F.4th 452, 457 (4th Cir. 2026); Massey, 759 F.3d at 353; Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014); Firemen's Ins. Co. v. Glen-Tree Invs., LLC, No. 7:11-CV-59, 2012 WL 4191383, at *4 (E.D.N.C. Sept. 19, 2012) (unpublished).

The United States "carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship." Fedorenko v. United States, 449 U.S. 490, 505 (1981) (citation omitted); see Costello v. United States, 365 U.S. 265, 269 (1961). The "evidence justifying revocation of citizenship must be clear, unequivocal, and convincing and not leave the issue in doubt." Fedorenko, 449 U.S. at 505 (cleaned up); see Schneiderman v. United States, 320 U.S. 118, 125 (1943); United States v. Golestan, 151 F.4th 634, 643 n.3 (4th Cir. 2025), cert. denied, No. 25-6167, 2026 WL 79888 (U.S. Jan. 12, 2026). When a court determines that the government has met this burden, however, the court "has no discretion to excuse the conduct." Fedorenko, 449 U.S. at 517. The court's duty is "rigidly to enforce the legislative will in respect of a matter so vital to the public welfare." Id. (citation omitted); see United States v. Ginsberg, 243 U.S. 472, 474–75 (1917).

The United States is entitled to judgment as a matter of law that Regalado unlawfully procured naturalization as alleged in counts one and three of the complaint. Under 8 U.S.C. § 1451(a), the United States may file a complaint to revoke a citizen's naturalization when "a citizen's naturalization was illegally procured or was procured by concealment of a material fact or by willful misrepresentation." United States v. Teng Jiao Zhou, 815 F.3d 639, 642 (9th Cir.

7

2016) (cleaned up); <u>see</u> 8 U.S.C. § 1451(a). An individual illegally procures citizenship when the individual did not meet the statutory requirements to become a naturalized citizen. <u>See Fedorenko</u>, 449 U.S. at 506; <u>Ginsberg</u>, 243 U.S. at 474 ("An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress.").

The statutory requirements for naturalization include, among other things, that the individual be of good moral character for the five years immediately preceding the date of filing the application for naturalization until the date the individual takes the oath of citizenship and becomes a United States citizen. <u>See</u> 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1); <u>Grey v. Alfonso-Royals</u>, 140 F.4th 173, 181–82 (4th Cir. 2025); <u>Teng Jiao Zhou</u>, 815 F.3d at 643. Section 1101(f) lists behaviors that preclude an individual from having good moral character. <u>See</u> 8 U.S.C. § 1101(f)(1)–(9). Section 1101(f) also includes a catch-all provision, which states that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." <u>Id.</u> § 1101(f) (flush language). An individual "who commits any crime of moral turpitude during the statutory period, for which he is later convicted, is barred from naturalization." <u>United States v. Agyemang</u>, No. 7:17-CV-55, 2018 WL 3245048, at *2 (E.D.N.C. July 3, 2018) (unpublished) (cleaned up); <u>see United States v. Suarez</u>, 664 F.3d 655, 659–61 (7th Cir. 2011).

As for count one, the court finds that there are no disputed issues of material fact and the United States is entitled to judgment as a matter of law. Regalado's <u>Alford</u> plea to two counts of taking indecent liberties with a child establishes by clear and convincing evidence that he committed those crimes. <u>See</u> [D.E. 1-4] 4–19; <u>cf. United States v. King</u>, 673 F.3d 274, 281–82 (4th Cir. 2012) (concluding that a court's acceptance of an <u>Alford</u> plea was an adjudication of guilt); <u>Abimbola v. Ashcroft</u>, 378 F.3d 173, 181 (2d Cir. 2004) ("An <u>Alford</u> plea <u>is</u> a guilty plea.").

8

Taking indecent liberties with a child is a crime of moral turpitude and prevents an individual from establishing good moral character. See, e.g., Regalado, 817 F. Supp. 3d at 331; United States v. Gariba, No. 1:18-CV-127, 2018 WL 11514550, at *3 (M.D.N.C. Nov. 15, 2018) (unpublished); United States v. Gayle, 996 F. Supp. 2d 42, 53 (D. Conn. 2014); see also Ashcroft v. Free Speech Coal., 535 U.S. 234, 244–45 (2002) ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people."). Regalado took indecent liberties with a child less than five years before he sought and obtained naturalized United States citizenship (i.e., during the good moral character period).

In opposition, Regalado asserts his innocence of the crimes to which he pleaded guilty under Alford. See Answer at 1–2; [D.E. 18] 2. But Regalado cannot contest those convictions in this proceeding. See, e.g., Allen v. McCurry, 449 U.S. 90, 94 (1980); Teng Jiao Zhou, 815 F.3d at 644; Abimbola, 378 F.3d at 181; Regalado, 817 F. Supp. 3d at 332; Agyemang, 2018 WL 3245048, at *3 n.2 (collecting cases). And, under North Carolina law, Regalado is considered guilty of those offenses. See, e.g., Alford, 400 U.S. at 37; Rogers, 388 N.C. at 457 n.2, 920 S.E.2d at 780 n.2; Taylor, 374 N.C. at 719 n.3, 843 S.E.2d at 52 n.3. Moreover, Regalado's North Carolina convictions served as an element of the federal convictions to which Regalado pleaded guilty. Thus, Regalado's argument fails.

In his answer, Regalado also asserts that, since becoming a naturalized United States citizen, he has been an upstanding citizen and demonstrated good moral character (besides his two federal criminal convictions). See Answer at 2–3. This argument also fails. The court lacks discretion to refrain from entering a judgment of denaturalization once it has determined that Regalado's naturalization should be revoked. See Fedorenko, 449 U.S. at 517. Moreover, extenuating circumstances is a defense to revocation only when the circumstances "palliate or

9

lessen an offender's guilt for an offense." Teng Jiao Zhou, 815 F.3d at 644 (cleaned up); see Suarez, 664 F.3d at 662. The defense "is not a post-naturalization retrospective on the person, his achievements, or the unfortunate effect that denaturalization will surely have." Teng Jiao Zhou, 815 F.3d at 644. Thus, Regalado's answer to the complaint does not create a material factual dispute concerning count one.

The United States has demonstrated by clear and convincing evidence that Regalado did not meet the requirement of possessing good moral character when he obtained naturalized United States citizenship. See 8 U.S.C. § 1101(f) (flush language); 8 C.F.R. § 316.10(b)(3)(iii).[1] Thus, the court grants the United States' motion for judgment on the pleadings as to count one.

As for count three, for revocation of naturalization for the concealment of a material fact or misrepresentation, section 1451(a) "contains four independent requirements: the naturalized citizen must have misrepresented or concealed some fact, the misrepresentation or concealment must have been willful, the fact must have been material, and the naturalized citizen must have procured citizenship as a result of the misrepresentation or concealment." Kungys v. United States, 485 U.S. 759, 767 (1988); see United States v. Hirani, 824 F.3d 741, 748 (8th Cir. 2016); Agyemang, 2018 WL 3245048, at *4 (collecting cases); 8 U.S.C. § 1451(a). A willful misrepresentation is deliberate and voluntary. See Agyemang, 2018 WL 3245048, at *4 (collecting cases); cf. Kungys, 485 U.S. at 767 & n.5. A material misrepresentation or concealment has "a natural tendency to produce the conclusion that the applicant [is] qualified" to naturalize. Kungys, 485 U.S. at 772; see Agyemang, 2018 WL 3245048, at *4. Regalado represented during the naturalization process that he had not committed a crime for which he was not arrested and

---

[1] Counts one and three are independent bases for revoking Regalado's naturalization. See 8 U.S.C. § 1451(a).

that he had never given false or misleading information to a government official while applying for an immigration benefit. See Compl. ¶¶ 10–11; Answer at 3. Those representations were false in light of Regalado's criminal conduct. As for willfulness, the United States has demonstrated that Regalado voluntarily answered the relevant questions, understood them fully, and signed his naturalization application attesting to its accuracy. See Agyemang, 2018 WL 3245048, at *4; Gayle, 996 F. Supp. 2d at 55; Compl. ¶¶ 12–13, 20; Answer at 3–4; [D.E. 1-2] 10. As for materiality, Regalado's disclosure of taking indecent liberties with a child within the five-year good moral character period would have rendered him ineligible for naturalization. See, e.g., Agyemang, 2018 WL 3245048, at *4; Gayle, 996 F. Supp. 2d at 55; 8 U.S.C. § 1451(a); 8 C.F.R. § 316.10(b)(3)(iii). Moreover, the United States satisfied the fourth element because Regalado "would not have been granted citizenship if he was honest about his criminal history." Agyemang, 2018 WL 3245048, at *4; see United States v. Mohammad, 249 F. Supp. 3d 450, 461 (D.D.C. 2017); Gayle, 996 F. Supp. 2d at 56.

In opposition, Regalado argues that because the naturalization proceeding occurred in 2010 and Regalado pleaded guilty to taking indecent liberties with a child in 2012, the court cannot "[i]nfer[] knowledgeable culpability in 2010." [D.E. 18] 4. But scienter is an element of taking indecent liberties with a child under North Carolina General Statute § 202.1(a)(1)–(2), and Regalado's guilty pleas establish his guilt of that crime. See United States v. Jean-Baptiste, 395 F.3d 1190, 1194 (11th Cir. 2005) (rejecting argument that defendant could not have known that he committed a crime during the good moral character period when defendant was indicted and convicted after becoming naturalized United States citizen where offense of conviction contained element of scienter); cf. Gayle, 996 F. Supp. 2d at 55 ("Certainly the sexual assault of a relative's

11

minor child is not a minor detail, but rather a momentous event and an important fact which one would be unlikely to forget or believe was proper, if not illegal.").

The United States has proven by clear and convincing evidence that Regalado misrepresented and concealed material facts that would have shown he was statutorily ineligible for naturalization. See Agyemang, 2018 WL 3245048, at *4. Thus, viewing the evidence in the light most favorable to Regalado, the United States has demonstrated that no genuine issue of material fact remains on count three, and the court grants the motion for judgment on the pleadings on count three.

### III.

In sum, the court GRANTS plaintiff's motion for judgment on the pleadings on counts one and three [D.E. 16].

The court FINDS and DECLARES that defendant illegally procured his United States citizenship as alleged in count one of the complaint. The court FINDS and DECLARES that defendant procured his United States citizenship by concealment of a material fact and by willful misrepresentation as alleged in count three of the complaint.

The order admitting defendant to United States citizenship is REVOKED and SET ASIDE, effective as of the original date of the order, August 13, 2010. Certificate of Naturalization No. 33284614 issued to defendant is CANCELLED, effective as of the original date of naturalization and certification issuance, August 13, 2010.

Defendant is forever RESTRAINED and ENJOINED from claiming or exercising any rights, privileges, benefits, or advantages of United States citizenship based on his August 13, 2010 naturalization. Defendant SHALL surrender and deliver, not later than June 23, 2026, his Certificate of Naturalization No. 33284614, and any copies thereof in his possession or control,

12

and make good faith efforts to recover and immediately surrender any copies thereof that he knows are in the possession or control of others, to the Attorney General's representative, Christopher Hollis, counsel for the United States. Defendant SHALL surrender and deliver, not later than June 23, 2026, any other indicia of U.S. citizenship—including, but not limited to, U.S. passports and passport cards, if applicable (whether current or expired), as well as any Enhanced Driver's License (whether current or expired)—and any copies thereof in his possession or control, and make good faith efforts to recover and immediately surrender any copies thereof that he knows are in the possession or control of others, to the Attorney General's representative, Christopher Hollis, counsel for the United States.

If defendant fails to deliver the items described above within the prescribed timeframe, plaintiff SHALL inform the court so it can either determine whether to schedule a compliance hearing, at which defendant must demonstrate that he has complied with this order, or act as the court otherwise deems appropriate.

SO ORDERED. This 9 day of June, 2026.

_____
JAMES C. DEVER III
United States District Judge

13